by Act of February 21, 1950, 64 Stat. 7, became effective September 1, 1950, 26 U. S.C.A. § 2901, and by its own terms was not applicable to any suit filed before it took effect:

It is ordered that the judgment of the District Court be and it hereby is affirmed, upon authority of Stitzel-Weller Distillery, Inc., v. United States, D.C., 82 F.Supp. 50, affirmed 6 Cir., 180 F.2d 357.

2901, and by its own terms was not applicable to any suit filed before it took effect:

It is ordered that the judgment of the District Court be and it hereby is affirmed, upon authority of Stitzel-Weller Distillery v. United States, D.C., 82 F.Supp. 50, affirmed, 6 Cir., 180 F.2d 357.

---

**UNITED STATES of America, Appellant, v. IOLA CO., a Kentucky Corporation, Appellee.**

No. 11452.

United States Court of Appeals
Sixth Circuit.

Feb. 21, 1952.

David C. Walls, Charles F. Wood, Louisville, Ky., Ellis N. Slack, Washington, D. C., for appellant.

Millard Cox, Louisville, Ky., for appellee.

Before HICKS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel.

On consideration whereof, it appearing that this suit was filed July 6, 1950;

And it appearing that Section 2901 of the Internal Revenue Code, as amended by Act of February 21, 1950, 64 Stat. 7, became effective September 1, 1950, 26 U.S.C.A. §

---

**Robert WOODALL, a. k. a. Frank Woodall, Petitioner-Appellant, v. Joseph M. SWEENEY, as Sheriff of Cuyahoga County, Ohio, Respondent-Appellee.**

No. 11432.

United States Court of Appeals
Sixth Circuit.

Feb. 11, 1952.

Frank C. Lyons, Cleveland, Ohio, for appellant.

Frank T. Cullitan, Pros. Atty., and Gertrude Bauer, Cleveland, Ohio, for appellee.

Before HICKS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

PER CURIAM.

The above cause coming on to be heard upon the transcript of the record, the briefs of the parties, and the argument of counsel in open court, and the court being duly advised,

Now, therefore, it is hereby ordered that the order of the District Court be set aside and the cause remanded for the taking of testimony and evidence upon the allegations of the petition, for the filing of findings of fact and conclusions of law, and the determination by the District Court of the issues raised on the hearing of the said petition.